**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO WHITE,** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARK GARMAN, *et al.,*** | : | |
| *Respondents* | : | **No. 19-5406** |

## MEMORANDUM

PRATTER, J.                                                      OCTOBER ⎰ , 2020

Antonio White petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate

Judge Timothy R. Rice issued a Report and Recommendation that Mr. White's petition be

dismissed with prejudice as untimely. (Doc. No. 7.) Mr. White filed objections. (Doc. No. 8.)

For the following reasons, the Court dismisses Mr. White's habeas petition as untimely.

### BACKGROUND

Mr. White was found guilty of first-degree murder and possession of an instrument of crime

in March 2013. In April 2013 he was sentenced to life without parole for first-degree murder and

six months to five years for possession of an instrument of crime. Mr. White appealed his

conviction and on August 14, 2014, the Superior Court of Pennsylvania affirmed. *See*

*Commonwealth v. White*, 106 A.3d 159 (Pa. Super. Ct. 2014); No. 1561 EDA 2013, 2014 WL

10806043 (Pa. Super. Ct. Aug. 14, 2014). On February 19, 2015, the Pennsylvania Supreme Court

denied an allowance of appeal. *See Commonwealth v. White*, 110 A.3d 997 (Pa. 2015); *see also*

Docket, No. 673 MAL 2014 (Pa.).

On May 4, 2016, Mr. White filed a Post-Conviction Relief Act ("PCRA") petition under

42 Pa. Cons. St. § 9541. The PCRA court denied the petition, and on appeal, the court once again

denied the petition, noting that Mr. White's trial counsel "was not ineffective for choosing not to

1

call" Mr. White and his mother "as witnesses to testify at the suppression hearing." (Doc. No. 8 at 47-48.) Mr. White appealed. On February 13, 2019, the Superior Court of Pennsylvania affirmed the denial of Mr. White's PCRA petition, noting that "it was reasonable [for Mr. White's attorney] not to present their testimony. Moreover, based upon the PCRA court's credibility findings, [Mr. White] failed to demonstrate prejudice." *Commonwealth v. Vundel*, No. 1841 EDA 2017, 2019 WL 578539, at *5 (Pa. Super. Ct. Feb. 13, 2019). Mr. White petitioned for allowance of appeal, which was denied by the Pennsylvania Supreme Court on October 1, 2019. *Commonwealth v. Vundel*, 218 A.3d 391 (Pa. 2019); *see* Docket, No. 201 MAL 2019 (Pa.). On October 30, 2019, Mr. White filed his pending federal habeas petition. (Doc. No. 1.)

## STANDARD OF REVIEW

Upon receiving objections to a magistrate judge's report and recommendations, the reviewing "court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations" to which an objection is made. 28 U.S.C. § 636(b)(1)(C). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## DISCUSSION

### I. Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. White's federal habeas petition is barred as untimely. Magistrate Judge Rice recommended dismissing Mr. White's petition with prejudice because it was not filed within the one-year statute of limitations period and no exceptions applied. For this reason, Magistrate Judge Rice did not reach the substantive merits of the petition. In his objections to the Report and Recommendation, Mr. White details his confusion over the date the Pennsylvania Supreme Court denied allowance of his appeal and when his criminal judgment became final.

2

### A. Statutory Tolling

Mr. White's petition is untimely even when accounting for statutory tolling under 28 U.S.C. § 2244(d)(2). After Mr. White appealed his conviction, the Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on February 19, 2015. Mr. White's conviction then became final on May 20, 2015—90 days later. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); U.S. Sup. Ct. R. 13.1. Thus, Mr. White had one year, until May 20, 2016, to file his habeas petition. However, 28 U.S.C. § 2244(d)(2) provides that a properly filed PCRA petition tolls the one-year statute of limitations. Because Mr. White filed a timely PCRA petition on May 4, 2016—350 days after his criminal judgment became final—the limitations period was statutorily tolled from that date until October 1, 2019, when the Pennsylvania Supreme Court denied review of his PCRA petition. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Mr. White then had 15 days from that date to file a federal habeas petition, but did not do so until October 30, 2019, almost 30 days later. Thus, statutory tolling does not cure his untimely petition.

### B. Equitable Tolling

The Court also finds that Mr. White's habeas petition should not be equitably tolled. A petitioner is entitled to equitable tolling of the one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Construing his petition liberally as the Court must, the Court finds that equitable tolling is not warranted. The Court agrees with Magistrate Judge Rice's finding that no extraordinary circumstances prevented Mr. White from timely filing his petition. Given Mr. White's objections, this "court shall make a de novo

3

determination of those portions of the report or specified proposed findings or recommendations." 28 U.S.C. § 636(b)(1)(C).

In his petition Mr. White incorrectly noted that his direct appeal of his conviction was denied by the Pennsylvania Supreme Court on March 16, 2015. (Doc. No. 1 at 2.) However, in his objections, Mr. White admits he used the wrong date and that his habeas petition was untimely because the Pennsylvania Supreme Court actually denied review on February 19, 2015. (Doc. No. 8 at 2-3.) A *pro se* petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013).

Mr. White asserts that he was misled by the March 16, 2015 docketing date from both a Delaware County Court of Common Pleas criminal docket sheet and an opinion issued by the PCRA court in his appeal of the denial of his PCRA petition. Rather than verifying the actual date of the denial on the Pennsylvania Supreme Court's docket, Mr. White instead relied on these other sources and their later docketing date to calculate the filing deadline for his habeas petition. (Doc. No. 8 at 2.) He alleges that he has been pursuing his rights diligently and that the extraordinary circumstance that stood in his way "was the incorrect date of the [Pennsylvania] Supreme Court's review" listed on the criminal docket sheet. (Doc. No. 8 at 3.) However, "[m]iscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling." *Yarrell v. Bartkowski*, No. CIV.A. 10-5337 FSH, 2011 WL 4962505, at *5 (D.N.J. Oct. 18, 2011) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). "[E]ven if petitioner's failure to file his habeas petition within the statute of limitations was the result of a good-faith error, he is not entitled to equitable tolling." *Burns v. Pugh*, No. 09-C-1149, 2010 WL 3092655, at *1 (E.D. Wis. Aug. 6, 2010).

4

Based upon his filings and from a review of the dockets in his cases as well as the text of his arguments, it appears that Mr. White knows how to access court information. He did not check the Pennsylvania Supreme Court's published docket, which was readily and publicly available, for over three years. That is unfortunate, but not extraordinary.

## CONCLUSION

For the reasons set out in this memorandum, the Court dismisses Mr. White's habeas petition as untimely and enters the accompanying Order.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a "plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a certificate here given the untimely filing.