# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO WHITE, *Petitioner* | : : : | CIVIL ACTION |
| v. | : : | |
| MARK GARMAN *et al.*, *Respondents* | : : : | No. 19-5406 |

## MEMORANDUM

PRATTER, J.                                                                                        JULY 13, 2021

Petitioner Antonio White, proceeding *pro se*, moves to extend the time for taking an appeal under Federal Rule of Appellate Procedure 4(a)(5). For the following reasons, the Court grants Mr. White's motion.

### BACKGROUND

Mr. White filed a notice of appeal of the Court's October 7, 2020 Memorandum and Order, which approved and adopted the Report and Recommendation of Magistrate Judge Timothy Rice and dismissed with prejudice Mr. White's untimely habeas petition. *See White v. Garman*, No. 19-cv-5406, 2020 WL 5944280, at *1 (E.D. Pa. Oct. 7, 2020). Mr. White's notice of appeal was docketed on December 7, 2020. The Third Circuit Court of Appeals, in its July 8, 2021 Order, remanded this matter to the Court for the limited purpose of ruling on what the appellate court construed in Mr. White's notice of appeal as a motion to extend the time for taking an appeal under Federal Rule of Appellate Procedure 4(a)(5). Doc. No. 14.

### LEGAL STANDARD

For a notice of appeal to be timely in a civil case in which the United States is not party, it must be filed within 30 days after entry of the judgment or order appealed from. Fed. R. App. P.

4(a)(1)(A). Rule 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and that "regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (noting that the time limits prescribed in Rule 4(a) for filing a notice of appeal in a civil matter are mandatory and jurisdictional).

## DISCUSSION

Mr. White filed a notice of appeal of this Court's October 7, 2020 Memorandum and Order more than 30 days late. Thus, under Rule 4(a)(1)(A), Mr. White's appeal is plainly untimely. But, as noted above, the appellate court remanded to this Court to decide the issue of whether Mr. White's motion to extend the time for taking an appeal, construed as being within his notice of appeal, should be granted.

Mr. White stated in his notice of appeal that he was "unable to timely and properly file an appeal in this matter" because, due to "enhanced [COVID-19] quarantine restrictions," he was unable to access "legal aids or resources," the prison law library's computers, or a typewriter. Doc. No. 12 at 1. Mr. White also included a memorandum, dated October 30, 2020, apparently from the Pennsylvania Department of Corrections, that outlined its enhanced quarantine procedures at that time. Doc. No. 12 at 2.

As stated above, Mr. White had 30 days from October 7, 2020 to file his notice of appeal. He did not do so until December 7, 2020. However, the Court notes that the envelope containing Mr. White's notice of appeal had a postmark of December 7, 2020. Unfortunately, Mr. White did not put a date on his actual notice of appeal. Had he done so, the Court likely would have treated

that as the filing date because a pleading is deemed filed once an inmate signs it and delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Nevertheless, like the appellate court, this Court will also assume that the earliest date that Mr. White filed his notice of appeal from prison was December 4, 2020—meaning that he tendered his notice of appeal to prison officials on Friday and it was mailed three days later on that Monday.

Mr. White's notice of appeal was due no later than November 6, 2020—30 days after the Court dismissed Mr. White's petition. Fed. R. App. P. 4(a)(1)(A). However, Rule 4(a)(5)(A) allows a motion for an extension of time for filing an appeal to be filed no later than 30 days from when the notice of appeal was due. Thus, any motion for an extension of time to file a notice of appeal needed to be filed by December 6, 2020.[1] Fed. R. App. P. 4(a)(5)(A). Because the Court concludes that Mr. White constructively filed his notice of appeal on December 4, 2020, and his notice contained a motion for an extension of time, the motion was technically within Rule 4(a)(5)(A)(i)'s 30-day time limit.

The remaining question is whether Mr. White has shown excusable neglect or good cause for having filed his motion 28 days past the date his notice of appeal was due. Fed. R. App. P. 4(a)(5)(A)(ii). "An inquiry into excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Driever v. United States*, No. CV 19-1807 (TJK), 2021 WL 1946391, at *7 (D.D.C. May 14, 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These factors include "[1] the danger of prejudice to the [the non-moving party], [2] the length of the delay and its potential impact on

---

[1] Although the Court treats Mr. White's notice of appeal as if it were filed on December 4, 2020, the Court notes that because December 6, 2020 was a Sunday, the 30-day time period would have continued to run until the end of the next business day—Monday, December 7, 2020. *See* Fed. R. App. P. 26(a)(1)(C).

3

judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

On one hand, Mr. White filed his notice of appeal 28 days late. However, this was just within Rule 4(a)(5)(A)(i)'s 30-day window to file a motion for an extension. Given the arguably minimal delay at issue here, the Court cannot find that Respondents would be prejudiced if the Court grants Mr. White's motion for an extension of time, nor can the Court find that the impact to judicial proceedings would be significant.

Mr. White also contends that he was unable to timely and properly file his notice of appeal due to COVID-19 restrictions in place at his correctional facility. *See Appau v. Comm'r of Soc. Sec.*, No. CV 18-16415 (MAS), 2020 WL 5526785, at *1 (D.N.J. Sept. 15, 2020) (finding third factor weighed heavily in favor of a plaintiff with underlying health conditions given "the nature of the COVID-19 pandemic [and] its interruption upon the daily lives of citizens"). In light of those restrictions, and Mr. White's representations in his filing, the Court is satisfied that Mr. White acted in good faith in filing his notice of appeal and, consequently, in filing the motion for an extension of time for filing a notice of appeal.

## CONCLUSION

For these reasons, the Court will grant Mr. White's Motion for an Extension of Time and deem timely his notice of appeal. In keeping with the appellate court's order, Mr. White need not file another notice of appeal because any relief will apply to the notice of appeal that he has already filed. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE